**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,                    ECF Case

                         Plaintiff,                    No. 16 Civ. 8701 (AJN)

           - against -

DAVID BERGSTEIN,

                Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**APPLICATION TO INTERVENE AND FOR A COMPLETE STAY**


                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States
                                      of America


Edward A. Imperatore
Robert W. Allen
Assistant United States Attorneys

      *- Of Counsel -*

**Table of Contents**

Table of Authorities ...................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

FACTUAL BACKGROUND ............................................................................................ 2

ARGUMENT ..................................................................................................................... 4

   I.    THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ..... 4

   II.   A COMPLETE STAY OF THIS ACTION IS APPROPRIATE ...................................... 5

      A.   Applicable Law ............................................................................................................. 5

      B.   Discussion ...................................................................................................................... 6

CONCLUSION .................................................................................................................. 10

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum, with the consent of defendant David Bergstein, in support of the Government's application (i) to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay this matter in its entirety until the conclusion of the parallel criminal case, *United States* v. *David Bergstein*, 16 Cr. 746 (PKC) (the "Criminal Case").

The Criminal Case arises from the identical set of facts and circumstances that underlie this action.   As a result, a full stay is especially appropriate because any exchange of discovery would be asymmetrical and would merely allow the defendant to circumvent the criminal discovery rules and improperly tailor his defenses in the Criminal Case.    In similar situations, courts in this Circuit and others have entered a complete stay of parallel actions when there is a parallel criminal prosecution with overlapping defendants and facts, even over a defendant's objection.   *See, e.g.*, *SEC* v. *Shkreli, et al.*, 15 Civ. 7175 (KAM) (E.D.N.Y. Mar. 22, 2016); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016); *Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 at *10 (E.D.N.Y. 2014); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).   For the reasons that follow, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

Bergstein's counsel has advised the Government that Bergstein consents to the Government's motion for a complete stay.   The SEC takes no position on the Government's motion.

1

## FACTUAL BACKGROUND

This case and the parallel Criminal Case arise out of the same underlying events.   On November 9, 2016, an indictment (the "Indictment") was unsealed, charging Bergstein and co-defendant Keith Wellner with conspiracy to commit investment advisor fraud and securities fraud, substantive investment advisor fraud and securities fraud, conspiracy to commit wire fraud, and substantive wire fraud.   On that same day, November 9, 2016, the SEC filed a complaint against Bergstein alleging violations of the securities laws related to the same scheme charged in the Indictment (the "SEC Complaint").   (Wellner was not named as a defendant in the SEC Complaint.)   The facts set forth below are detailed in the Indictment and are similarly reflected in the SEC Complaint.

The scheme in which Bergstein participated involved Weston Capital Asset Management ("Weston"), an investment adviser registered with the SEC.   Weston provided discretionary investment management and advisory services to domestic and foreign private investment funds, as well as domestic and foreign institutions and high net worth individuals, and managed over a dozen hedge funds for its investors.   Three of the funds that Weston managed were the Wimbledon Financing Fund ("WFF"), the Wimbledon Class TT Portfolio (the "TT Fund"), and the Partners 2 Fund (the "P2 Fund").

As alleged, Bergstein and others participated in a scheme to defraud Weston investors. The scheme involved, among other things, an agreement among Bergstein and others to do the following: (i) conceal material information from Weston investors about financial transactions involving investor monies that Weston was legally and contractually obligated to disclose; (ii) transfer funds from one pool of Weston's investors to make payments to, provide a security interest for, or otherwise benefit, another pool of Weston's investors, without the required

2

disclosures to investors concerning conflicts of interest, among other things; and (iii) convert improperly at least a portion of funds transferred from investor accounts for the benefit of Bergstein and others.

The Indictment and the SEC Complaint allege that Bergstein and others orchestrated two sets of transactions that were not disclosed the Weston investors.   The first involved a scheme to defraud investors in the P2 Fund and WFF through the issuance of a loan by the P2 Fund, in approximately mid-2011, of approximately $9 million that was secured by WFF assets (the "P2 Loan").   The second involved a scheme to defraud investors in the TT Fund through the issuance of a "swap agreement," in late 2011, whereby the TT Fund disbursed approximately $17.7 million to Swartz IP Services Group Inc. ("Swartz IP"), an entity controlled by Bergstein, in exchange for Swartz IP's agreement to meet certain investment returns and satisfy investor redemptions (the "TT Swap Agreement").

As further alleged, Bergstein and others took steps to conceal these transactions, and Bergstein misappropriated a substantial portion of the proceeds of the P2 Loan and the TT Swap Agreement.

On November 9, 2016, Bergstein was arrested and made an initial appearance in the Central District of California.   On November 17, 2016, Bergstein was arraigned on the Indictment and appeared for an initial pretrial conference before Judge Castel, who set a further conference for January 19, 2017, at which the Government anticipates that Judge Castel will set a motions schedule and trial date.   In the Criminal Case, the Government is about to produce discovery.

3

**ARGUMENT**

The Government's requests to intervene and for a complete stay of this civil action should be granted.   If this case were to proceed, there would be a risk of significant interference with the Criminal Case.   A complete stay of discovery would prejudice no party to this civil action; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.   As noted above, Bergstein consents to a complete stay of this action.

**I.     THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the Government wishes to do so for the limited purpose of moving to stay discovery."   *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).   The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being

4

used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v.

*Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in

upholding the public interest in enforcement of the criminal laws cannot be protected adequately

by the existing parties in this civil litigation, none of whom represents the Government's

interests with respect to the investigation and enforcement of federal criminal statutes. *See*

*Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and

investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither

the plaintiff or the defendants have this identical interest.").

Through his counsel, Bergstein consents to the Government's request to intervene

pursuant to Rule 24(b).

## II.     A COMPLETE STAY OF THIS ACTION IS APPROPRIATE

### A.     Applicable Law

This Court has the inherent power to stay civil proceedings in the interests of justice

pending the completion of a parallel criminal trial. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057

(2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the

interests of justice seem . . . to require such action.") (internal citations and quotations omitted).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)

(quoting *Landis* v. *N. Am. Co*., 299 U.S. 248, 254 (1936)).   In evaluating whether to grant such

a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with

5

> those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*See, e.g.*, *SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 2 (quoting *Louis Vuitton*, 676 F.3d at 99). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99. The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation marks omitted).

### B.   Discussion

Application of each of these factors here weighs in favor of the stay sought by the Government.

#### 1.   *The Extent of the Overlap*

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27,

2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, as described above, the Criminal Case and this case involve the same scheme to defraud Weston investors.   The cases involve virtually identical facts, witnesses and issues.   As a result, this factor weighs heavily in favor of a stay.   *See, e.g.*, *Shkreli*, 15 Civ. 7175 (KAM), at 11; *Tuzman,* 15 Civ. 7057 (AJN), at 3.

## 2. *The Status of the Criminal Case*

The return of an indictment in the Criminal Case is also a factor that weighs in favor of a stay.   "[T]he strongest argument for granting a stay is where a party is under criminal indictment."   *Shkreli*, 15 Civ. 7175 (KAM), at 11 (quotation and citation omitted).   Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."   *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990); *see also Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.")   Where, as here, Bergstein has been indicted, arrested, and arraigned; Rule 16 discovery is about to be produced; and the case is moving expeditiously toward a trial, this factor strongly favors a stay. *See SEC* v. *Tuzman*, No. 15 Civ. 7057 (AJN), at 3 (noting that an indictment normally weighs

7

heavily in favor of a stay absent particular facts indicating that the criminal case may not be resolved expeditiously).

### 3.     *The Plaintiff's Interests*

The SEC has indicated that it does not oppose the entry of the requested order to stay this case.    At minimum, therefore, there can be no argument that there would be prejudice to the plaintiff by staying this action.    *See Shkreli*, 15 Civ. 7175 (KAM), at *13 (citing cases).

### 4.     *The Defendant's Interests*

As noted above, Bergstein, through his counsel, consents to the Government's motion for a complete stay of this case.    Moreover, any potential concerns about the loss of evidence, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because Bergstein is about to receive documents and other materials as part of the Government's Rule 16 discovery, most (if not all) of which also pertain to this action.    Furthermore, the substantial overlap in witnesses eliminates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action. *Tuzman*, 15 Civ. 7057 (AJN), at *6.

### 5.     *The Interests of the Court*

Considerations of judicial economy also weigh in favor of granting a stay.    Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.    *See SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is

8

likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered).   Because the Criminal Case's outcome will likely affect the conduct, scope, and result of the civil proceeding, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application.

      **6.**    ***The Public Interest***

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses.   *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

                \*              \*              \*

In sum, because there is virtually complete overlap between the parallel proceedings;

Bergstein has been indicted and the Criminal Case is moving expeditiously to trial; Bergstein consents to the stay and will suffer no prejudice; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay.

## **CONCLUSION**

For these reasons, the Government respectfully requests that its application, with the consent of the defendant, to intervene and for a complete stay of discovery be granted in its entirety.

Dated: New York, New York
      December 1, 2016

                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney

By:      _/s/_____ _
                            Edward A. Imperatore
                            Robert W. Allen
                            Assistant United States Attorneys
                            One Saint Andrew's Plaza
                            New York, New York 10007
                            Telephone: (212) 637-2327/2216

10